UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                  CRIMINAL NO. 3:25-CR-54-KHJ-LGI-1

ELTON WAYNE FAIRLEY

ORDER

Before the Court is Defendant Elton Wayne Fairley's ("Fairley") [22] Motion to Dismiss Indictment. The Court denies the motion.

I.   Background

Under 18 U.S.C. § 922(g)(1), no person "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year" may possess a firearm in or affecting commerce.

Fairley has a 2004 felony conviction for grand larceny and a 2017 felony conviction for possession of marijuana with intent to distribute. MDOC Notices of Crim. Disposition [23-3]; *see also* Gov't Resp. [23] at 2. While on probation, Fairley was found with a firearm. Order of Revocation [23-4]; [23] at 2. In March 2025, a federal grand jury returned a single-count [3] Indictment, charging Fairley with knowingly possessing a firearm in and affecting commerce as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). [3].

Fairley moves to dismiss the [3] Indictment, arguing that Section 922(g)(1) violates the Second Amendment on its face and as applied to him under *Bruen*,[1] violates the Fifth Amendment's guarantees of equal protection and due process under the law, and is void for vagueness. [22] at 1. "[T]hough foreclosed by pre-*Bruen* Fifth Circuit precedent," Fairley also "preserves for review his argument that the [3] [I]ndictment must be dismissed because [Section] 922(g)(1) constitutes an unconstitutional extension of Congress's authority under the Commerce Clause[,] and there is an insufficient federal nexus between gun possession and commerce." *Id*. The United States filed a [23] Response; Fairley filed a [24] Reply.

II.   Standard

Under Rule 12, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). A court may consider a motion to dismiss an indictment if the defect "in the prosecution is essentially one of law." *United States v. Guthrie*, 720 F. App'x 199, 201 (5th Cir. 2018) (per curiam) (citation modified). A criminal defendant may use Rule 12(b)(1) to challenge the constitutionality of the charged statutes. *See United States v. Flores*, 652 F. Supp. 3d 796, 798 (S.D. Tex. 2023).

III.   Analysis

A.   Second Amendment

Section 922(g)(1) does not violate the Second Amendment.

---

[1] *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022).

1. Facial Challenge

First, Fairley argues that Section 922(g)(1) is facially unconstitutional under the Second Amendment. *See* [22] at 7–11. Fairley concedes that this argument is foreclosed by Fifth Circuit precedent, *see United States v. Diaz*, 116 F.4th 458, 472 (5th Cir. 2024), *cert. denied*, No. 24-6625, 2025 WL 1727419 (U.S. June 23, 2025), and he raises it here only to preserve his argument for further review. [22] at 1, 7–11. Bound by Fifth Circuit precedent, this Court need not address this challenge.

2. As-Applied Challenge

Second, Fairley argues that Section 922(g)(1) is unconstitutional under the Second Amendment, as applied to him, because "the Government has not shown that the permanent restriction of [his] right to possess a firearm is consistent with the Nation's historical traditions." *Id.* at 12 (citing *Bruen*, 597 U.S. at 17).

*Bruen* set forth "the standard for applying the Second Amendment . . . ." *Bruen*, 597 U.S. at 24. First, courts must determine whether "the Second Amendment's plain text covers an individual's conduct . . . ." *Id.* at 17. If so, then the "Constitution presumptively protects that conduct," and the "government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.'" *Id.* at 24. "Only if the government meets that burden 'may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command.'" *United States v. Kimble*, ___ F.4th ___, No. 23-50874, 2025 WL 1793832, at *2 (5th Cir. June 30, 2025) (quoting *Bruen*, 597 U.S. at 17).

3

"As to the first inquiry, '[t]he plain text of the Second Amendment covers the conduct prohibited by [Section] 922(g)(1).'" *Id.* (quoting *Diaz*, 116 F.4th at 467). "That is because convicted felons are unequivocally among the people protected by the Second Amendment." *Id.* (citation modified).

As to the second inquiry, "caselaw recognizes three categories of offenses that doom a defendant's as-applied challenge to [Section 922](g)(1): theft, violence, and violating the terms of one's release by possessing arms while on parole." *Id.* at *3. In *United States v. Giglio*, 126 F.4th 1039, 1044 (5th Cir. 2025), the Fifth Circuit "upheld a [Section 922](g)(1) conviction where the defendant was found armed while still serving his sentence on supervised release . . . because, historically, 'convicts could be required to forfeit their weapons and were prevented from reacquiring arms until they had finished serving their sentences.'" *Kimble*, 2025 WL 1793832, at *3 (quoting *Giglio*, 126 F.4th at 1044); *see also United States v. Contreras*, 125 F.4th 725, 732–33 (5th Cir. 2025). In short, "if a defendant is caught possessing a gun while out on supervised release for a prior felony sentence, his as-applied challenge will . . . fail." *Kimble*, 2025 WL 1793832, at *3.

Fairley was on probation for his felony conviction for possession of marijuana with intent to distribute, in violation of Mississippi Code Annotated sections 41-29-139 and 41-29-147, when the Philadelphia Police Department discovered him in possession of a firearm and arrested him for violating the conditions of his probation. *See* [23-4]; [3]. For this reason, Fairley's as-applied challenge to Section 922(g)(1) fails. His disarmament does not offend our Nation's historical tradition of

4

firearm regulation, so it is lawful and appropriate under the Second Amendment and *Bruen*. *See Kimble*, 2025 WL 1793832, at *3.[2]

Fairley's Second Amendment challenges fail.[3]

B. Fifth Amendment

Section 922(g)(1) does not violate the Fifth Amendment.

Fairley also argues Section 922(g)(1) is unconstitutional under the Fifth Amendment because it violates "equal protection and due process guarantees by abridging the right to bear arms based on varied state statutes and by stripping [him] of his right to bear arms without due process." [22] at 1.

1. Equal Protection

Fairley contends that Section 922(g)(1) "burdens [his] fundamental right to keep and bear arms." *Id.* at 13. He believes the statute cannot withstand strict scrutiny because it "contains no uniform definition of the conduct that will result in the loss of the right to possess a firearm," and it "does not consistently restore the right to keep and bear arms . . . , resulting in a lack of uniform application." *Id.* And

---

[2] Fairley's as-applied challenge is also foreclosed by his prior theft-related conviction. *See Kimble*, 2025 WL 1793832, at *3 (citing *Diaz*, 116 F.4th at 468–70); *see also* [23-3] at 1 (reflecting Fairley's conviction for grand larceny). Fifth Circuit "caselaw establishes that if a defendant's predicate felony involves theft or violence, his as-applied challenge to [Section] 922(g)(1) will fail." *Kimble*, 2025 WL 1793832, at *3.

[3] Fairley concedes this point in his [24] Reply. He writes that

> the caselaw affirming the constitutionality of disarming people on probation and people convicted of theft . . . may foreclose his challenge to the as-applied constitutionality of [Section] 922(g)(1) if the Government proves that [Fairley] was on probation at the time of his offense and that he has a conviction for theft.

[24] at 1. It is undisputed, according to the Mississippi Department of Corrections Records provided by the Government, that Fairley has a 2004 conviction for grand larceny, *see* [23-3], and that he was on probation when found in possession of a firearm. *See* [23-4].

5

although the Fifth Circuit has previously rejected this argument, *see United States v. Darrington*, 351 F.3d 632, 634–35 (5th Cir. 2003), Fairley submits that "*Bruen* has . . . rendered this [caselaw] obsolete." [22] at 13 (citing *Diaz*, 116 F.4th at 465).

It has not. *Darrington* "determined that governmental restrictions on the right to bear arms need not meet a strict scrutiny test because it was not a fundamental right." *United States v. Howard*, No. 24-40033, 2024 WL 4449866, at *2 (5th Cir. Oct. 9, 2024) (per curiam), *cert. denied*, 145 S. Ct. 1210 (2025) (citing *Darrington*, 351 F.3d at 635). So although Fairley argues *Bruen* has rendered *Darrington* obsolete, strict scrutiny should apply, and Section 922(g)(1) cannot withstand strict scrutiny, *see* [22] at 13, the Fifth Circuit "has rejected an identical argument applying the plain-error standard of review." *Id.* at *2 (citing *United States v. Steward*, No. 23-20515, 2024 WL 3082334 (5th Cir. June 21, 2024)); *see also United States v. Branson*, 139 F.4th 475, 477 (5th Cir. 2025) (citing *Howard*, 2024 WL 4449866, at *2). In doing so, the Fifth Circuit explained: "Neither the Supreme Court nor [the Fifth Circuit] sitting en banc has overruled *Darrington*." *Howard*, 2024 WL 4449866, at *2 (citation modified). There is no "controlling authority establishing that the right to keep and bear arms is a fundamental right." *Id.* (citation modified). So Fairley's equal-protection challenge fails.

2. Due Process

Citing only to Justice Thomas's dissent in *Rahimi*,[4] Fairley also contends that Section 922(g)(1) violates his right to due process of law under the Fifth

---

[4] *United States v. Rahimi*, 602 U.S. 680, 747–778 (2024) (Thomas, J., dissenting).

6

Amendment by "disarming [him] based on generalized findings without any individualized inquiry about whether [he] poses a risk of violence." [24] at 6; *see also* [22] at 13–14.

To support his position, Fairley reiterates Justice Thomas's stance that Section 922(g)(8) "strips an individual of his ability to possess firearms and ammunition without any due process." *Rahimi*, 602 U.S. at 748 (Thomas, J., dissenting). Fairley highlights that Section 922(g)(8) "affords 'no hearing or opportunity to be heard on the statute's applicability, and a court need not decide whether a person should be disarmed.'" [22] at 14 (quoting *Rahimi*, 602 U.S. at 748 (Thomas, J., dissenting)). "The only process [Section] 922(g)(8) requires is that provided (or not) for the underlying restraining order." *Id.* (emphasis omitted) (quoting *Rahimi*, 602 U.S. at 748 (Thomas, J., dissenting)).

Fairley asserts that Section 922(g)(1) "suffers these same defects." *Id.* The statute, according to Fairley, "is an automatic consequence of a felony conviction," and "[i]t requires no finding that an individual should be disarmed or that an individual presents a danger to the public, if armed, before allowing for complete and permanent disarmament." *Id.* All that is required is a conviction punishable by imprisonment for a term exceeding one year. *Id.* (citing § 922(g)(1)).

But Fairley was afforded due process before his right to bear arms was abridged—"specifically, he was entitled to a jury trial on the underlying conviction." *United States v. Cockerham*, No. 5:25-CR-1, 2025 WL 1439458, at *4 (S.D. Miss. May 19, 2025). Fairley's "argument that [Section] 922(g)(1) does not provide a

defendant with due process because it is the automatic result of a felony conviction ignores the fact that a criminal defendant's entitlement to a jury trial provides him with process before he loses his right to bear arms." *Id*. And he provides no case law to support the contention that the right to a jury trial for the underlying conviction is insufficient under the Due Process Clause. *See id*.

"Congress has imposed disarmament as a punishment for committing a felony," and Fairley "fails to explain how this lack of process violates the Due Process Clause." *Id*. at *5; *see also United States v. Lee*, No. 5:24-CR-8, 2025 WL 1261609, at *4 (S.D. Miss. Apr. 30, 2025) (addressing similar arguments).

Fairley's Fifth Amendment challenges fail.

C. Vagueness

Section 922(g)(1) is not void for vagueness.

Next, Fairley argues Section 922(g)(1) is void for vagueness. *See* [22] at 1. He claims Section 922(g)(1) "is facially unconstitutional because it fails to provide a person of ordinary intelligence fair notice of what conduct is prohibited." [22] at 14.

"A fundamental principle in our legal system is that laws which regulate persons or entities must give fair notice of conduct that is forbidden or required." *Branson*, 139 F.4th at 478 (citation modified) (collecting cases). "Vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *Id*. (citation modified) (collecting cases). So as a threshold matter, Fairley must show that Section

8

922(g)(1) "is vague *in his case . . . .*" *United States v. Clark*, 582 F.3d 607, 614 (5th Cir. 2009).

He has not. Fairley was "clearly put on notice that his offense comes within [Section] 922(g)(1)." *Branson*, 139 F.4th at 478.[5] He "neatly fits the statutory text." *Id.* He pleaded guilty to possession of marijuana with intent to distribute, and he was given a sentence of five years to serve and five years of post-release supervision. [23-3] at 2. While on supervised release, he was found with a firearm. [23-4].

Given these facts and the plain language of the Section 922(g)(1), "an ordinary person had fair notice that it is unlawful for them to possess a gun." *Branson*, 139 F.4th at 478 (citing *United States v. Nat'l Dairy Prods. Corp.*, 372 U.S. 29, 32–33 (1963) ("Void for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed.")); *see* [22] at 15; *see also Branson*, 139 F.4th at 478 (rejecting the same argument under *Diaz* that Fairley presents here). "The statute, [Section] 922(g)(1), clearly defines the prohibited conduct—possessing a firearm as a felon." *Branson*, 139 F.4th at 479. So "Section 922(g)(1) survives vagueness review because it defines the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited." *Id.* (citation modified).

---

[5] "As a reminder, [Section] 922(g)(1) makes it unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to possess any firearm." *Branson*, 139 F.4th at 478 (citation modified).

Fairley's vagueness challenge fails.

D. Commerce Clause

Section 922(g)(1) is not unconstitutional under the Commerce Clause.

Finally, Fairley argues that Section 922(g)(1) "constitutes an unconstitutional extension of Congress's authority under the Commerce Clause[,] and there is an insufficient federal nexus between gun possession and commerce." [22] at 1. But Fairley concedes that this argument is foreclosed by Fifth Circuit precedent, and he raises it here only to preserve his argument for further review. *Id.* at 1, 15–18 (citing *United States v. Rawls*, 85 F.3d 240, 243 (5th Cir. 1996) (per curiam)); *see also United States v. Jones*, 88 F.4th 571, 573 (5th Cir. 2023) (per curiam), *cert. denied*, 144 S. Ct. 1081 (2024). Bound by Fifth Circuit precedent, this Court need not address this challenge.

Fairley's Commerce Clause challenge fails.

IV. Conclusion

The Court has considered all arguments. Those not addressed would not have altered the Court's decision. For the stated reasons, the Court DENIES Defendant Elton Wayne Fairley's [22] Motion to Dismiss. The Court will set this matter for trial.

SO ORDERED, this 21st day of July, 2025.

                                                                                   s/ *Kristi H. Johnson*
                                                                                  UNITED STATES DISTRICT JUDGE